Stuart R. Day WSB #5-2244
Erica R. Day WSB #7-5261
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82601
307-265-0700 telephone
307-266-2306 facsimile
sday@wpdn.net
eday@wpdn.net

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISRICT OF WYOMING

| | |
|---|---|
| FLAT FOOTED, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Civil No. 19-CV-255-F |
| | ) |
| PHILIP C. BEGLEY, | ) |
| | ) |
|     Defendant. | ) |

### DEFENDANT PHILIP C. BEGLEY'S MOTION
### FOR PARTIAL ENTRY OF JUDGMENT ON THE PLEADINGS

Phillip C. Begley (hereinafter "Begley"), by and through his undersigned counsel and pursuant to FED. R. CIV. P. 12 hereby moves the Court for entry of a partial judgment on the pleadings on Plaintiff Flat Footed, LLC's (hereinafter "Flat Footed") claim for unjust enrichment. In support of this motion, Begley states as follows:

#### I.     INTRODUCTION.

This action is Flat Footed's attempt to harass and punish Begley for exercising his contractual right to terminate negotiations to co-develop property he owns in Teton County. Begley and Flat Footed entered into a Term Sheet which defined each parties' rights and obligations in regards to negotiating an agreement to co-develop Begley's real property. The Term

Sheet provided that each party was entitled to "terminate all negotiations regarding the transaction described in this letter in its sole and absolute discretion at any time prior to the execution of definitive agreements, without any liability or obligation whatsoever."

It is undisputed that Begley decided to terminate negotiations with Flat Footed and to develop the property on his own, as he was allowed to do pursuant to the clear language of the contract. Nonetheless, Flat Footed filed suit against Begley simultaneously alleging claims for breach of contract and unjust enrichment.

Flat Footed seeks to avoid the consequences of its own contract, which allowed Begley to terminate negotiations with no liability or obligations owed to Flat Footed, in the guise of filing an equitable claim. In doing so, Flat Footed ignores well-established precedent in Wyoming and the Tenth Circuit that a claim for unjust enrichment cannot exist where the parties' rights are controlled by a contract. Further, Flat Footed's Complaint failed to plead facts sufficient to satisfy the elements of an unjust enrichment claim because Flat Footed has not alleged that it provided the services at-issue with the expectation of compensation if the parties did not enter into a joint venture, nor that Begley was aware of any such expectation of compensation. The Court should enter judgment in Begley's favor on Flat Footed's claim for unjust enrichment as such a claim fails as a matter of law.

## II.     Factual Summary.

1. Begley is the owner of real property in Jackson, Wyoming. *See* Plaintiff's Complaint and Jury Demand (hereinafter "Complaint"), ¶ 1.

2. He sought to develop his real property to provide additional work-force housing for Teton County. *Id*. at ¶ 3.

3.      Begley applied for, and received, the necessary permits from Teton County, to begin realizing his dream to develop his property.  *Id*. at ¶ 13.

4.      After being introduced by a third-party, Begley and Flat Footed began discussing co-developing the property.  *Id*. at ¶¶ 23, 24.

5.      Flat Footed is an investment advisory firm, and holds itself out as having "investment expertise and financing capabilities."  *Id*. at ¶¶ 3-4.

6.      Flat Footed alleges that it started working with Begley "almost immediately…[and] promptly began to diligence the deal to develop ways to lower construction costs, secure more favorable payment terms, improve lease terms with JHMR and pursue third-party financing."  *Id*. at ¶ 24.

7.      On September 25, 2019, Begley and Flat Footed entered into a written agreement, drafted by Flat Footed, whereby "the parties memorialized their understanding," by executing a Term Sheet.  *Id*. at ¶ 25; Complaint, Ex. 1.

8.      The Term Sheet defined the parties' rights and obligations and "outline[d] the basic terms and conditions upon which Flat Footed, LLC ("Flat Footed") and/or one or more affiliated entities would enter into a joint venture with" Begley.  *Id*. at ¶¶ 25-26.

9.      The Term Sheet stated that if the parties entered a joint venture, Flat Footed was to provide $4.1 million in development financing and end up owning 55% of a newly formed company created to develop the property.  Complaint Exhibit 1; *see also* Complaint, at ¶ 27.

10.     When drafting the Term Sheet, Flat Footed included language stating that the transactions described in the Term Sheet were "subject to Flat Footed's confirmation of certain due diligence items, the absence of any fact, event, change or circumstance that has had or is

reasonably likely to have a materially adverse effect on the Property, and other customary closing conditions." *See* Complaint, Ex. 1.

11. In its Complaint, Flat Footed further alleges that Begley and Flat Footed contracted for a binding sixty day exclusivity period because of the understanding that Flat Footed was "expending considerable time and money, conducting due diligence."

> To ensure the Project's feasibility, Begley understood that FFL was expending considerable time and money, conducting due diligence on the potential construction contractor KEB Homes LLC d/b/a Irontown Homes ("Irontown"), negotiating the terms of the construction agreement with Irontown, obtaining important lease concessions from JHMR, and preparing for the take-out financing (i.e., more traditional financing) once the construction was complete.
>
> Accordingly, when Begley signed and delivered the Term Sheet on September 25, 2019, he understandably agreed that for a period of 60 days (the "Exclusivity Period"), he would refrain from seeking or negotiating any equity or debt financing for the Property with a counterparty other than FFL.

Complaint, ¶¶ 7-8.

12. The Exclusivity Period in the Term Sheet provides:

> From and after the date hereof for 60 days, you agree not to directly or indirectly solicit, provide factual information to, accept an offer from or negotiate with any person or entity other than Flat Footed with respect to any equity or debt financing with respect to the Property.

*See* Complaint, Exhibit 1.

13. The Term Sheet further provided that "each party acknowledges and agrees that either party may terminate all negotiations regarding the transaction described in this letter in its sole and absolute discretion at any time prior to the execution of definitive agreements, without any liability or obligation whatsoever." *Id*.

14. On November 26, 2019, two days after the exclusivity period ended, Begley notified Flat Footed that he was terminating negotiations to avoid any additional delays, and would develop the property himself. *Id*. at ¶ 12.

15. On December 16, 2019, Flat Footed filed the instant suit asserting simultaneous claims for breach of contract and for unjust enrichment.

16. Flat Footed now asserts that Begley has been unjustly enriched by Flat Footed's actions in conducting due diligence and negotiating with Irontown Homes, negotiating with JHMR, and preparing financial models. Complaint, ¶¶ 31-34.

### III.   Standard of Review.

Pursuant to FED. R. CIV. P. 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Courts should grant judgment on the pleadings where it appears "the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Society of Separationists v. Pleasant Grove City,* 416 F.3d 1239, 1240-41 (10th Cir. 2005). In this way, a "motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)," requiring the Court accept the allegations of the complaint as true, and construe them in the plaintiffs favor. *Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1160 (10th Cir. 2000); *Ramirez v. Dept. of Corrections,* 222 F.3d 1238, 1241 (10th Cir. 2000). Judgment on the pleadings is appropriate where a judgment on the merits may be entered based on the substance of the pleadings, and where only questions of law remain. *Herbert Abstract Co. v. Touchstone Properties, LTD,* 914 F.2d 74, 76 (5th Cir. 1990).

### IV.   ARGUMENT.

#### A. FLAT FOOTED'S UNJUST ENRICHMENT CLAIM FAILS BECAUSE AN EXPRESS CONTRACT EXISTS.

According to well-settled law in Wyoming and the Tenth Circuit, judgment should be entered in Begley's favor on Flat Footed's claim for unjust enrichment because an express contract governed the relationship. Unjust enrichment is an equitable theory which is intended to

compensate a party when a contract does not exist. *Big-D Constr. Corp. v. Simplot Phosphates, LLC*, 2017 WL 3449608, AT *3 (D. Wyo. Feb. 16, 2017); *Coones v. F.D.I.C.*, 894 P.2d 613, 617 (Wyo. 1995). An actionable claim for unjust enrichment requires proof of the following four elements:

> (1) Valuable services were rendered, or materials furnished,
>
> (2) to the party to be charged,
>
> (3) which services or materials were accepted, used and enjoyed by the party, and
>
> (4) under such circumstances which reasonably notified the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged."

*Zitterkopf v. Bradbury*, 783 P.2d 1142, 1144 (Wyo. 1989); *see also Johnson v. Anderson*, 768 P.2d 18, 25 (Wyo. 1999). "Wyoming law has recognized that the unjust enrichment remedy is not available when an express contract exists." *Tetra Tech, Inc. v. Jerry Herling Constr., Inc.*, 2011 WL 13272829, at *2-3 (D. Wyo. Oct. 31, 2011) (*citing Sowerine v. Keith*, 997 P.2d 108, 1021 (Wyo. 2000). An unjust enrichment claim fails where a contract exists "because the party who receives what they were entitled to receive under the contact and performs their end of the bargain is not unjustly enriched." *Id.*; *see also Schling v. McGhee*, 2012 WY 7, ¶ 25, 268 P.3d 264, 272 (Wyo. 2012), as amended on reh'g (Feb. 7, 2012); *Peter D. Holdings LLC v. Wold Oil Properties LLC,* 2019 WL 7838302, at *20 (D. Wyo. Sept. 16, 2019) (stating that "[u]njust enrichment is an equitable remedy that only applies in the absence of a contract governing the relationship between the parties"); *Wagner v. Reuter*, 2009 WY 75, ¶ 13, 208 P.3d 137, 1322 (Wyo. 2009); *Sowerwine v. Keith*, 997 P.2d 1018, 1021 (Wyo. 2000).

Here, Begley and Flat Footed entered into a written agreement which controlled the obligations they owed to each other, and the manner in which they would move forward with

developing the property in a joint venture, if they chose to do so. Flat Footed held itself out as a sophisticated, experienced investing entity when it offered to partner with Begley to co-develop the property. Flat Footed even drafted the Term Sheet and provided it to Begley for execution.

The Term Sheet clearly stated that neither party would be subject to liability if they chose not to enter into a joint venture after the exclusionary period had passed. Indeed, the Term Sheet provided that "each party acknowledges and agrees that either party may terminate all negotiations regarding the transaction described in this letter in its sole and absolute discretion at any time prior to the execution of definitive agreements, without any liability or obligation whatsoever." Complaint, Exhibit 1. However, Flat Footed now seeks to avoid the consequence of its own drafting, which released Begley from any contractual liability after the exclusivity period had passed, by asserting an equitable claim against Begley for unjust enrichment.

Importantly, Flat Footed alleged in its Complaint that the Term Sheet was signed with the understanding that Flat Footed had already begun due diligence in order to "ensure the [proposed joint venture's] feasibility" and to satisfy itself as to the development's likely success before entering into a joint venture. *Id*. at ¶ 8; Exhibit 1 to Complaint. Flat Footed's Complaint further admits that the binding Exclusivity Period in the Term Sheet was agreed-to because of Flat Footed and Begley's understanding that Flat Footed would "expend[] considerable time and money, conducting due diligence, including due diligence on the potential construction contractor KEB Homes, LLC d/b/a Irontown Homes ("Irontown"), negotiating the terms of the construction agreement with Irontown, obtaining important lease concessions from JHMR, and preparing for the take-out financing (*i.e.*, more traditional financing) once the construction was complete." Complaint, ¶¶ 7-9.

Thus, Flat Footed's Complaint establishes that the very actions that Flat Footed now asserts unjustly benefited Begley, were contemplated by both parties when they executed the Term Sheet. *See* Complaint, ¶ 54 (stating "[b]y executing the Term Sheet, Begley had reasonable notice that Flat Footed's substantial efforts, negotiations, skills, knowledge, and propriety work product were furnished in contemplation of entering into the joint venture agreement and completing the development of the Property"). Flat Footed's unjust enrichment claim is an attempt to avoid the clear language of the Term Sheet and receive compensation for the same activities that it acknowledges were contemplated by the parties in exchange for Begley agreeing to the sixty day Exclusivity Period. Per the Term Sheet, Begley owes Flat Footed no compensation for terminating the joint venture negotiations and Flat Footed cannot now alter the Term Sheet by pursuing an equitable claim against Begley for activities contemplated by the parties' contractual agreement. Complaint, Exhibit 1. Flat Footed could have included a provision in the Term Sheet stating it would be compensated for its efforts if such actions benefited Begley but the parties subsequently decided not to enter into a joint venture. Instead, Flat Footed's language excused both parties from any and all "liability or obligation whatsoever."

Because the "alleged unjust enrichment arises expressly from the terms of the contract," and Flat Footed "received what [it was] entitled to receive under the contract," Flat Footed's claim for unjust enrichment cannot succeed and judgment should be entered against Flat Footed as a matter of law on the unjust enrichment claim. *Tetra Tech, Inc.*, 2011 WL 13272829 at *2-3.

> **B.** **FLAT FOOTED'S UNJUST ENRICHMENT CLAIM MUST ALSO BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ALLEGE EITHER FLAT FOOTED OR BEGLEY CONTEMPLATED THAT BEGLEY WOULD COMPENSATE FLAT FOOTED FOR ITS SERVICES.**

In the Tenth Circuit, "a plaintiff's failure to sufficiently plead a required element necessitates dismissal." *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299-3000 (10th

Cir. 2014). Here, Flat Footed has failed to plead a required element of an unjust enrichment claim and Begley is therefore entitled to judgment in his favor on that claim.

To succeed on an unjust enrichment claim, the plaintiff must have provided the services at-issue "under such circumstances which reasonably notified the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged." *Zitterkopf*, 783 P.2d 1144. Importantly, both parties must understand the expectation of compensation. "One party must actually supply a benefit to the party to be charged with the expectation of compensation therefore. The party to be charged must accept the benefit and know that the supplying party expects compensation therefore." *Boyce v. Freeman*, 2002 WY 20, ¶17, 39 P.3d1062, 1066 (Wyo. 2002).

The Wyoming Supreme Court considered this very issue in *Amoco Prod. Co. v. EM Nominee P'ship Co.*, and found that where the services were not provided in a manner that notified the other party of an expectation for reimbursement, a claim for unjust enrichment was unsustainable. 2 P.3d 534, 542 (Wyo. 2000). There, Amoco brought suit seeking compensation pursuant to an unjust enrichment claim for royalty payments made to a mineral interest owner. *Id*. The Court acknowledged that the mineral interest owner accepted and used the payments, but noted that because the Unit Agreement controlling both parties' behavior did not require the repayment of royalties after an effective date, "the royalty payments were not furnished under circumstances that would reasonably notify [the defendant] of Amoco's expectation to be reimbursed." *Id*.

Here, Flat Footed has not alleged that it believed that Begley would compensate it for its due diligence efforts if the parties did not enter into a joint venture. Flat Footed has similarly failed to allege that the services at-issue were provided "under circumstances which reasonably notified

[Begley] that [Flat Footed], in rendering such services or furnishing such materials, expected to be paid by the party to be charged." *Zitterkopf*, 783 P.2d 1144. Flat Footed's Complaint notes that it provided the services at-issue in exchange for a sixty day exclusivity period and in "contemplation of entering into the joint venture agreement." Complaint, ¶ 54. However, Flat Footed never alleges that either party believed Flat Footed was providing the described services with an expectation of compensation if either party declined to enter into a joint venture. Such an allegation would be directly contrary to the language of the Term Sheet, which Flat Footed drafted, which provided that "either party may terminate all negotiations regarding the transaction described in this letter in its sole and absolute discretion at any time prior to the execution of definitive agreements, without any liability or obligation whatsoever." Complaint, Exhibit 1.

Thus, Flat Footed's Complaint fails to allege any facts to satisfy the fourth element of a claim for unjust enrichment as Flat Footed does not allege that either party contemplated that Begley would reimburse Flat Footed for the activities it undertook in contemplation of entering into a joint venture, and Begley is entitled to judgment on the pleadings in his favor on Flat Footed's unjust enrichment claim.

*Remainder of Page Intentionally Left Blank*

V. CONCLUSION.

**WHEREFORE**, Phillip C. Begley respectfully requests the Court enter judgment on Flat Footed's claim for unjust enrichment pursuant to FED. R. CIV. P. 12 for the reasons set forth above.

**DATED** this 2nd day of September, 2020.

**Defendant Philip C. Begley**

/s/ Erica R. Day
Stuart R. Day WSB #5-2244
Erica R. Day WSB #7-5261
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82602
307-265-0700 telephone
307-266-2306 facsimile
sday@wpdn.net
eday@wpdn.net